IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**BETTY D. GOODMAN**                                                                      **PLAINTIFF**

**V.**                           **NO. 3:16CV00193-GHD-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                        **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held July 19, 2017, the court finds the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence in the record because the ALJ improperly evaluated the March 2015 medical source opinions of Dr. Robert Shearin, the consultative examiner. First, the ALJ incorrectly stated in his decision that Dr. Shearin concluded the claimant could lift ten pounds frequently, when Dr. Shearin had in fact opined the claimant could lift and carry ten pounds only *occasionally*. Here, it should also be noted that the ALJ erroneously relied upon the claimant's statement that she could lift as much as 30 pounds at one time in concluding that she could lift 20 pounds *occasionally* in a work setting on a regular and continuing basis, and 10

pounds frequently. Next, though the ALJ assigned substantial weight to Dr. Shearin's opinions, he effectively rejected–without any explanation–Dr. Shearin's conclusions that the claimant could stand/walk in 15-minute intervals only and could *never* crouch, kneel, or crawl.

Ultimately, the past relevant jobs the ALJ found the claimant could return to require work-related activities that are precluded by the RFC assessment made by Dr. Shearin. And, in light of the claimant's age and other vocational factors, she was prejudiced by the ALJ's errors.

On remand, the ALJ must reconsider the claimant's RFC. First, the ALJ will reevaluate Dr. Shearin's 2015 medical source opinions. Should the ALJ determine that the opinions contained therein are not sufficiently supported, the ALJ will re-contact Dr. Shearin and seek further explanation regarding his opinions. Second, the ALJ will conduct a new hearing and obtain any necessary vocational evidence. Ultimately, the ALJ will consider all of the evidence and determine whether there is any work the claimant could perform despite her limitations. The ALJ may conduct any further proceedings deemed necessary, but which are not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 20th day of July, 2017.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE